**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Joshua William SANDERS,**
**Defendant—Appellant.**

**No. 02–16216.**

**D.C. No. CV–95–01617–EJG,**
**CR–93–0141–EJG.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided July 10, 2003.

■

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,* Senior District Judge.

## MEMORANDUM **

Appellant Joshua William Sanders collaterally attacks his conviction by guilty plea to two counts of mailing threatening communications in violation of 18 U.S.C. § 876. Because his counsel was ineffective by recommending that Sanders withdraw his initial guilty plea and Sanders was prejudiced by this advice, we reverse and direct the district court to grant the writ of habeas corpus.

■ We agree with the magistrate and district court's conclusion that Sanders's counsel was clearly incompetent in advising Sanders to withdraw his plea. Sanders's counsel did not attempt to reach a new agreement with the government, which was openly displeased about the decision to withdraw the plea. Sanders's counsel was so focused on the possibility of reducing the sentence that he did not adequately consider the consequences of losing the government's agreement not to oppose the four-level reduction for single instance or of losing the government's stipulation about the lack of deliberation (a significant component of the four-level reduction). The four-level reduction was the key to Sanders's sentence: if applied, then pleading to the two felonies made sense. Sanders's counsel failed to grasp that it would be significantly harder to succeed in getting this reduction without the plea agreement. We therefore agree that his

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

advice to Sanders fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We disagree, however, with the district court's conclusion that Sanders was not prejudiced by his counsel's advice. The sentencing judge would have been much more likely to grant the downward departure if the government had not opposed it. At the sentencing hearing, the government introduced testimony from a postal officer about the letters being deposited in different mail boxes. The government could not have introduced this testimony if the original plea agreement had been in place. Without this testimony, and with the stipulation in the plea agreement that Sanders's conduct involved little deliberation, there is certainly a "reasonable probability" that the sentencing result would have been different. *See id.* at 694, 104 S.Ct. 2052. Moreover, the higher sentence is not the only prejudice Sanders claims to have suffered. He also suffered an additional felony conviction. *See Hirabayashi v. United States,* 828 F.2d 591, 605–06 (9th Cir.1987)(presuming collateral consequences flow from any criminal conviction).

Sanders has established that his counsel was constitutionally ineffective. His petition should be granted. Accordingly, we reverse the district court and remand with instructions to grant the writ of habeas corpus and enter such relief as may be appropriate.

REVERSED and REMANDED.